FILED

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN E. BETTYS, | No. 12-35673 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05630-JLR |
| v. | |
| CHARLIE WEND, Chief of Corrections, Skagit County Jail, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Washington state prisoner John E. Bettys appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging claims for the

denial of his right of access to the courts and unauthorized deprivation of property.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Bettys's access-to-courts claim because Bettys failed to raise a genuine dispute of material fact as to whether he suffered actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (setting forth actual injury requirement); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (§ 1983 does not provide a cause of action for violations of state law).

The district court properly granted summary judgment on Bettys's deprivation of property claim because adequate post-deprivation remedies existed to address any alleged deprivation of property. *See Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (established prison grievance procedures and Washington state tort law actions are adequate post-deprivation remedies for random and unauthorized deprivations).

To the extent that Bettys raises issues for the first time on appeal or for the first time in his reply brief, we do not consider them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) .

Bettys's opposed motion for an order directing the Washington State Department of Corrections to stop withholding supplies from him and other

unnamed inmates, filed on March 20, 2013, is denied.

**AFFIRMED.**